## ACKNOWLEDGMENT OF WILLS.

Circuit Court of Cuyahoga County.

MAUD EGGLESTON ET AL V. C. H. GARDNER ET AL.

Decided, February 23, 1907.

*Wills—Attestation.*

1. An acknowledgment by a testator that a paper already signed by her was her will, would include an acknowledgment of her signature to such paper. .

2. It is not necessary that an acknowledgment be made in the presence of both witnesses at the same time, or by any particular form of words.

*Blandin, Rice & Ginn* and *A. A. Carpenter,* for plaintiff in error.

*H. M. Nason, Carr, Stearns & Chamberlain* and *Hoyt, Dustin & Kelley,* contra.

WINCH, J.; HENRY, J., and MARVIN, J., concur.

This was an action to contest a will. The contestants relied upon lack of testamentary capacity in the testatrix and informality in the execution of the will.

The jury found for the will and the only question raised by these proceedings in error is whether the will was executed according to law.

We think that the evidence on this subject warranted the verdict of the jury, if the law on the subject was properly charged by the trial judge. Not only the witnesses to the will, but Judge Caldwell, its scrivener, the testatrix's attorney, who was present when the will was signed, testified upon this subject.

It appears that the testatrix signed the will in the absence of the attesting witnesses. She then called them into the room, one at a time, and said to each of them: "This is my will, I want you to sign it." The will, with the signature of the testatrix upon it, was unfolded and spread upon the table, when the witnesses signed their names, in the presence of the testatrix.

Plaintiffs in error claim that the will was not properly executed because the testatrix failed to acknowledge to the witnesses that the signature upon the will was her signature; in other words, their claim is that when attesting witnesses do not see the testatrix sign the will, the testatrix must acknowledge and declare to them not only that the instrument is her will, but that the signature upon it is her signature.

The charge of the court upon this branch of the case is as follows:

"Section 5916 provides: Every last will and testament except nuncupative wills hereinafter provided for, shall be in writing or may be handwritten or typewritten, and such will shall be signed at the end thereof by the party making the same, or by some other person in his presence, and by his express direction, and shall be attested and subscribed in the presence of such party, by two or more competent witnesses who saw the testator subscribe or heard him acknowledge the same.

"You will thus observe that the person making a will must be of sound mind and memory.

"And it must be attested and subscribed in the presence of such party by two or more competent witnesses who saw the testator subscribe or heard her acknowledge the same. If either of these requisites be lacking in the execution or attestation of an instrument produced as the last will and testament of a decedent, such instrument would not be either in law or in fact the will of such decedent. The claim of the plaintiffs in regard to the execution of said instrument is that the decedent did not sign the same in the presence of said witnesses, and that she did not acknowledge the same to be her will or acknowledge her signature thereto in the presence of both of said witnesses, or at least not in the presence of either of them.

"It is not necessary that a testator sign her name to a will in the presence of the witnesses, but where the witnesses do not see the testator subscribe the same, it is necessary to the due execution of the will that she acknowledge such will and her signature thereto to the witnesses; but it is not required that she do this in the presence of both witnesses together or at the same time, nor is it requisite that the witnesses sign their names in the presence of each other.

"It is not necessary that any particular form of words be used by the testator in acknowledging either her signature or will. It is sufficient if by words or otherwise she gave the witnesses to understand that the signature and the will were hers,

and, if she had already signed her name to the writing, it would be a sufficient acknowledgment both of her signature and of the writing as her will, if she stated to the witnesses, in reference to said writing that the same was her will, or otherwise gave them to understand that the paper was her will. In other words, an acknowledgment by a testator that a paper already signed by her was her will, would include an acknowledgment of her signature to such paper.

"If, from a fair consideration of all the facts and circumstances as shown by the evidence bearing on this question, offered by both parties, including the signature to the instrument and the statement thereon signed by the subscribing witnesses, Mrs. O'Neal's and Mrs. Wescott's and Judge Caldwell's testimony being included, you believe it more probable that Mrs. Prosser neither signed said writing in the presence of the subscribing witnesses nor acknowledged the same with her signature thereto in the presence of said witnesses, then the weight of the evidence would preponderate in favor of the claim that she did not so sign or acknowledge such instrument.

"If you find from the preponderance of the testimony that the two witnesses whose names are attached to the said writing did not see Mrs. Prosser sign the same; and if you further find that she did not in their presence either acknowledge said writing as her writing with her signature thereto, or acknowledge said writing with her signature affixed thereto as being her will, then your verdict should be that the writing in question is not the last will and testament of said decedent."

The jury returned for further instructions, at which time the court said:

"If Mrs. Prosser, in the presence of the witnesses, acknowledged that the paper already signed by her was her will, this would include an acknowledgment of her signature as well as of the instrument as her will.

"It is not necessary that an acknowledgment be made in the presence of both witnesses at the same time, or by any particular form of words. It would be sufficient, if by words or otherwise, she gave each of the witnesses, either together or separately to understand that the will with her signature thereto was hers."

The court then again read Section 5916 of the statutes.

The leading case cited by counsel for plaintiffs in error in behalf of this contention that the charge is erroneous, is *Chaffee*

v. *Baptist Missionary Convention,* 10 Paige's Chancery Reports
(N. Y.), 85, part of the syllabus of which reads as follows:

"The subscription of the will must be made by the testator in
the presence of each of the attesting witnesses, or it must be
acknowledged by him to have been so made, to each of the at-
testing witnesses.

"Where the testator, at the time of the execution of his will
in the presence of the attesting witnesses placed his finger on
his name subscribed at the end of the will, and acknowledged
that it was his last will and testament, but there was no evidence
that he subscribed it in the presence of attesting witnesses, or
that he acknowledged in their presence that such subscription was
made by him or by his direction or in his presence, held that the
will was not duly executed."

Counsel for defendants in error, citing the cases in Ohio on
this subject, *Raudebaugh* v. *Shelley,* 6 O. S., 307; *Haynes* v.
*Haynes,* 33 O. S., 598, and *Keyl* v. *Feuchter,* 56 O. S., 424, and
claiming that no case in Ohio has determined the precise point
here made, relies upon the case of *Baskin* v. *Baskin,* 36 N. Y.,
416, which is later than the Chaffee case in that state, and has
been followed subsequently in many cases in New York state.
The syllabus of the Baskin case is as follows:

"The subscription of the testator and the publication of the
instrument are independent facts, each of which is essential to
the complete execution of a will.

"If the signature is written by another, and concealed from
the view of the testator and the witnesses, the mere publication
of the instrument as his will can not be deemed an acknowledg-
ment that the unseen subscription was made by his direction.

"When, however, the testator produces a paper bearing his
personal signature, requests the witnesses to attest it, and de-
clares it to his last will and testament, he thereby acknowledged
the subscription, within the meaning of the statute."

The distinction between these two New York cases was clearly
pointed out by the Supreme Court Commission of this state in the
Haynes case, 33 O. S., 598, where Johnson, Chief Judge, on page
611, says:

"Counsel claim that where the witnesses did not see the testa-
tor sign, then they must have heard him acknowledge all the
facts requisite to such signing, and if the will was signed for

him, that the acknowledgment must embrace the fact that he expressly authorized another person to sign for him and that a general acknowledgment that such signature was his, and that he acknowledged the paper so signed as his will, is not sufficient.

"This view was rejected by the court below, and the rule as laid down in *Raudebaugh* v. *Shelley et al*, 6 Ohio St., 307, adopted.

"That was the case of a testator signing himself in the absence of a witness, while this is a case of signing by another. It was there held that the testator need not in words expressly acknowledge such subscription, if by signs, motions, conduct, or attending circumstances, he gave the attesting witnesses to understand that the signature and will were his.

"To the same effect is *Baskin* v. *Baskin*, 36 N. Y., 416 (Conn.), 10 Paige, 85, much relied on in this case. That was the case of a testatrix who could not write. The will, with her name signed to it, was produced by her to the witnesses, and putting her hand on the signature she said: 'I acknowledge this to be my last will and testament;' but she did not admit in the presence of the witnesses that she had subscribed her name to the will, or that it was her signature, or that it had been subscribed thereto by any other person by her direction, and there was no other evidence that she did so subscribe thereto or acknowledge the signature to the will, and it was held insufficient, because merely calling the paper her will was not an acknowledgment of the signature to the will.

"The distinction between these cases is, that in *Raudebaugh* v. *Shelley* and *Baskin* v. *Baskin,* the personal signature had been made in the absence of the witnesses, an acknowledgment of the signature as his, to the witnesses, and of the paper as his will, is sufficient; while in the Chaffee case, if signed by another, in the absence of the witnesses, the mere publication of the will as his, without any acknowledgment of the signature, can not be deemed an acknowledgment of the unseen subscription made by his direction."

We conclude that the case before us is within the rule laid down in the Baskin case, and that there was no error in the charge given.

Complaint is made, however, because the trial judge refused to give plaintiffs' fourth request to charge, which reads as follows:

"The law provides that upon the trial of an action for contest of a will, the order of the probate court admitting such will to

probate shall be *prima facie* evidence of the due attestation, execution and validity of the will.

"The effect of this provision of the law is to cast upon the parties contesting the will the burden of showing by other evidence that the writing is not the last will of the deceased. This burden is sustained if you find from all the other evidence in the case, aside from the order of probate, that the writing is not the last will of the deceased. It is your duty in determining this question to weigh all the evidence tending to show that it is not the last will of the deceased against the evidence tending to show that it is the last will of the deceased; and if, after so weighing the evidence, you find that the preponderance is against the validity of the will, it is your duty to say so by your verdict, and in so doing, you should not weigh the presumption of the due execution, attestation and validity of the will raised by the order of probate against actual evidence. You should weigh evidence against evidence, and if so weighing it the preponderance is against the validity of the will, this is sufficient to overcome the *prima facie* case in favor of the will made by the order admitting the same to probate."

The trial judge properly refused to give this requested charge. *Mears* v. *Mears*, 15 O. S., 90, 101, 102; *Hutson* v. *Hartley*, 72 O. S., 262, 269.

Judgment affirmed.